IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONARD SHARP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-3939 |
| | § | |
| R. JAMES NICHOLSON, | § | |
| SECRETARY, DEPARTMENT OF | § | |
| VETERANS AFFAIRS | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant R. James Nicholson's Motion to Dismiss (Document No. 7). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## BACKGROUND

On October 11, 2005, Plaintiff Leonard Sharp ("Sharp") filed the instant suit against Defendant R. James Nicholson ("Nicholson"), Secretary of the United States Department of Veterans Affairs ("Department"), seeking to permanently enjoin Nicholson from selling property located at 11747 Murr Way in Houston, Texas.[1] In his

---

[1] Plaintiff originally filed his petition on October 22, 2004, in the 152nd Judicial District Court of Harris County, Texas and then re-filed an identical petition on October 11, 2005, in the 165th Judicial District Court of Harris County, Texas. It is unclear what happened in the October 22, 2004 suit.

complaint Sharp alleges Nicholson is unlawfully attempting to sell property belonging to the estate of Alice F. Allen, Sharp's mother.[2]

On November 21, 2005, Nicholson removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1)(2000).  Subsequently, on January 30, 2006, he moved to dismiss the action pursuant to Rule 12(b)(1), arguing the Court lacks subject matter jurisdiction over Sharp's complaint because the case is  moot.  Sharp's response to the motion was due on February 20, 2006, but he failed to respond.

STANDARD OF REVIEW

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1).  Lack of subject matter jurisdiction may be found in:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Ramming v.*

---

[2]Alice F. Allen died on April 3, 2000, and the subject property went into default.  Sharp is the sole heir of Alice F. Allen.  In both of the complaints filed by Sharp, he seeks to enjoin Nicholson from selling the property at a public sale that was scheduled to occur on November 3, 2004.

*United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, *Cloud v. United States*, 536 U.S. 960 (2002).  Accordingly, the plaintiff must prove that justification does in fact exist.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

## LAW & ANALYSIS

Nicholson seeks dismissal of the action, arguing the Court lacks subject matter jurisdiction over the dispute.  Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court's jurisdiction is limited to adjudication of "cases" and "controversies."  U.S. CONST. ART. III.  This limitation serves the dual purpose of limiting the exercise of judicial power to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process," and defines the role assigned to the judiciary, ensuring that federal courts do not intrude upon areas committed to other branches of government.  *Flast v. Cohen*, 392 U.S. 83, 95 (1968). This limitation has come to be known as the principle of justiciability.  *See id*.  If the controversy is not justiciable, the court's judgment cannot operate,  and there is no subject matter jurisdiction.  *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 (1964).  Moreover, "[n]o justiciable controversy is presented when the parties seek adjudication of only a political question, when the parties are asking for an advisory opinion, when the question sought to be

3

adjudicated  has been mooted by subsequent developments, and where there is no standing to maintain action." *Flast*, 392 U.S. at 95.  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  In the case at bar, Nicholson argues that Sharp's claim for injunctive relief has been rendered moot because the property was sold almost five months before this action was filed.

Sharp failed to respond to Nicholson's motion to dismiss.  Generally, failure to respond is taken as a representation of no opposition.  S.D. TEX. LOCAL R. 7.4; *see Bohlin v. Banning Co.*, 6 F.3d 350, 356 (5th  Cir. 1993). Nonetheless, the Court will examine Sharp's complaint to determine if it has jurisdiction.[3]

The subject property was originally purchased on July 3, 1980 by Hubert E. Sharp, a veteran, with a Veterans Affairs ("VA") guaranteed loan subject to a deed of trust lien and a vendor's lien in favor of Churchill Mortgage Corporation.  Alice F. Allen acquired the subject property from Leonard Sharp's uncle, Hubert E. Sharp, through an assumption warranty deed on December 5, 1980 and had the property until she died April 3, 2000.  Subsequent to Alice Allen's death, the VA loan on the Murr Way property went into default.  The lien holder, JP Morgan Chase Bank, sued in a

---

[3] "A court must read Plaintiff's pro se allegations liberally, holding them to a less stringent standard than those drafted by attorneys." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

state court to rescind the vendor's lien.  On December 11, 2002, the court granted JP Morgan Chase a default judgment for title and possession of the property against both Hubert E. Sharp and Leonard Sharp.  The bank then conveyed the subject property to Nicholson by special warranty deed on January 24, 2003.   The Department subsequently sold the subject property to a third party on May 6, 2005.

Pursuant to 38 U.S.C. § 3720(a)(5), the Secretary of Veterans Affairs may "take title to, property, real, personal or mixed; and similarly sell, at public or private sale, exchange, assign, convey, or otherwise dispose of any such property."  38 U.S.C. § 3720(a)(5)(2002).  Exercising this power, Nicholson sold the subject property to a third party on March 6, 2005.  Generally, a party's request for injunctive relief becomes moot when the action they seek to enjoin occurs.  *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1989).  "[A] suit is moot only when it can be shown that a court cannot even 'theoretically grant' relief."  *Vieux Carre Property Owners, Residents, & Assoc., Inc. v. Brown*, 948 F.2d 1436, 1446 (5th Cir. 1989).  Because the property was sold, the Court determines that it cannot grant the injunctive relief sought by Sharp.  "[N]o order of this court could affect the parties' rights with respect to the injunction" sought by Sharp.  *Honig v. Students of Cal. Sch. For the Blind*, 471 U.S. 148, 149 (1985).  Thus, the instant suit is moot and the Court lacks jurisdiction over Sharp's complaint.  Given the foregoing, the Court hereby

ORDERS that Defendant R. James Nicholson's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) (Document No. 7) is GRANTED.  Plaintiff Leonard Sharp's Complaint is dismissed for lack of subject matter jurisdiction.

SIGNED at Houston, Texas, on this 26th day of April, 2006.


DAVID HITTNER

United States District Judge